(R.D. 11160)

AVDEL, INC., ET AL. *v.* UNITED STATES

Entry No. 970688, etc.

(Decided March 30, 1966)

*John D. Rode* for the plaintiffs.

*John W. Douglas*, Assistant Attorney General, for the defendant.

FORD, Judge: The appeals, enumerated in the schedule B attached to and made a part hereof, have been consolidated for purposes of decision.

The question before the court for determination is the proper value for dutiable purposes of certain aluminum, brass, and steel rivets imported from the United Kingdom.

The parties hereto have entered into a stipulation of fact wherein it has been agreed as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiffs and the Assistant Attorney General for the United States, subject to the approval of the Court:

1. That the merchandise the subject of the appeals enumerated in the attached Schedule A consists of aluminum, brass and steel rivets imported from the United Kingdom.

2. That all of the merchandise was imported and entered subsequent to February 27, 1958.

3. That the aluminum rivets enumerated in the attached schedules are included in the list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in Section 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress and are required to be valued in accordance with Section 402a of the Tariff Act of 1930 as amended.

4. That the steel and brass rivets enumerated in the attached schedule are not included in said list of articles designated by the Secretary of the Treasury in T.D. 54521 and are required to be valued in accordance with the provisions of Section 402 of the Tariff Act of 1930 as amended by the Customs Simplification Act of 1956, supra.

5. That on or about the dates of exportation of the merchandise included herein such or similar merchandise was not freely sold or offered for sale to all purchasers in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade for home consumption or for exportation to the United States; that such or similar merchandise was not at the aforesaid times of exportation freely sold or freely offered for sale in the United States for domestic consumption therein; that cost of production as defined in Section 402a(f) of the Tariff Act of 1930 as amended is the proper basis of appraisement for the aluminum rivets listed in the attached schedules and that Constructed Value as defined in Section 402(d) of the Tariff Act of 1930 as amended is the proper basis of appraisement for the steel and brass rivets listed in the attached schedules and that said Cost of Production or Constructed Value for the merchandise covered by these appeals for reappraisement are as set forth in Schedule A attached hereto.

IT IS FURTHER STIPULATED AND AGREED that the appeals herein may be submitted on this stipulation.

Upon the record before the court, I find and hold that cost of production, as that value is defined in section 402a(f) of the Tariff

Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, is the proper basis of value for the aluminum rivets in controversy and that constructed value, as that value is defined in section 402(d) of said tariff act, as amended, *supra*, is the proper basis of value for the steel and brass rivets in issue and that said respective values for the merchandise before the court are as set forth in the schedule A, attached to and made part of this decision.

Judgment will be entered accordingly.